

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Brandner v. First Corr Med

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brandner v. First Corr Med" (2006). *2006 Decisions.* Paper 1568.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1568

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**APS-108**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3920
_____

LARRY BRANDNER, Appellant

v.

FIRST CORRECTIONAL MEDICAL;
MEDICAL DIRECTOR JOHN DOE;
RN BRENDA HOLWERDA

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-01146)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2006

BEFORE: SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: February 16, 2006)

_____

OPINION
_____

PER CURIAM

Larry Brandner, an inmate at the Delaware Correctional Center ("DCC") in

Smyrna, Delaware, appeals from the dismissal of his pro se action for failure to state a claim upon which relief can be granted. Brander filed the instant lawsuit against First Correctional Medical Center ("FCM"), Medical Director John Doe, and Nursing Supervisor Brenda Holwerda pursuant to 42 U.S.C. § 1983, alleging that defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. For the reasons stated below, we will affirm the judgment of the District Court.

According to the complaint, on or about August 15, 2002, Brandner's knee was injured by another inmate at DCC. Two weeks later, his knee remained swollen and sore, prompting Brandner to seek medical attention. As explained by the District Court, the complaint indicates that between the date of injury and the date the complaint was filed, Brandner's knee was examined by employees of FCM on approximately a monthly basis. FCM staff provided Brandner with pain medication and performed X-rays. Brandner alleged that he was told as early as September 19, 2002 that crutches and a knee brace would be ordered for him, but he never received either. Brandner filed grievances on December 2, 2002 and February 1, 2003, complaining of the failure of prison officials to provide him with crutches or a knee brace. On February 3, 2003 one of the doctors recommended an MRI and told Brandner he would try to get him a cane, which Brandner received in March of 2003. Brandner was informed on March 31, 2003 that the Medical Director had denied his request for an MRI. Brandner filed his complaint on December 17, 2003.

The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Brandner failed to allege facts sufficient to demonstrate either deliberate indifference to a serious medical need or personal involvement of Holweda sufficient to state a claim against her. They also argued that Brandner's claims against FCM impermissibly rested on respondeat superior liability, and that, with respect to the remaining defendant, Delaware law does not permit fictitious name practice. On July 23, 2005, the District Court granted the motion to dismiss, holding that the acts alleged by Brandner did not rise to the level of deliberate indifference required to state a claim under the Eighth Amendment, especially in light of FCM's continuing provision of medical care through the date of the opinion. Brandner timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no "substantial question," we will summarily affirm the District Court's order. 3d Cir. LAR 27.4 & I.O.P. 10.6.

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that an inmate's claims against members of the prison medical department were not viable under § 1983, where the inmate had received continuing care from medical staff, but believed that more should have been done for him by way of diagnosis and treatment, and maintained that a number of options available to medical personnel were not pursued on his behalf. Id. at 107. According to the Supreme Court, questions of medical judgment such as these are not appropriate subjects of § 1983 lawsuits. See id.

3

Brandner's complaint suffers from the same defect as the complaint at issue in Estelle. In his opposition to the motion to dismiss, Brandner states that, since the time his complaint was filed, he has received an MRI, which indicates that his knee is within "normal range," he has continued to receive medication and joint injections, and he has been referred to an orthopedic surgeon. Brandner maintains that, despite these efforts, he continues to experience swelling and pain in his knee. These allegations do not rise to the level of deliberate indifference on the part of Appellees to Brandner's serious medical needs. See id. at 106 (holding that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim under the Eighth Amendment"); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

Accordingly, we will summarily affirm the decision of the District Court. 3d Cir. LAR 27.4 & I.O.P. 10.6. Brandner's motion for the appointment of counsel is denied.